# McKinney *v.* Stephens.

*Principal and agent—Undisclosed principal—Sale.*

Where a person purchases a stock of goods at a sheriff's sale, and permits the former owner to continue the business in the name of himself as agent, and the agent with his principal's knowledge secures goods on the faith of the latter's credit, the principal is liable for their price.

Argued Jan. 15, 1901.   Appeal, No. 8, Jan. T., 1901, by defendant, from judgment of C. P. Wyoming Co., Nov. T., 1900, No. 238, on verdict for plaintiff, in case of McKinney, Evart & Company v. L. G. Stephens.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.   Before DUNHAM, P. J.

At the trial it appeared that the defendant L. G. Stephens on September 5, 1895, bought at sheriff's sale a stock of goods belonging to B. D. Cooper.   After the sheriff's sale Stephens left the goods in Cooper's store, and permitted Cooper to continue the business under the name of "B. D. Cooper, Agent."   Subsequently Cooper as agent bought a bill of goods from defendant in order to replenish the stock.   The traveling salesman who sold the goods testified as follows: "I called on Mr. Stephens at his store that same evening, and told him that I had been at Elmhurst, and booked an order from B. D. Cooper; that B. D. Cooper claimed that he was Mr. Stephens's agent, and I asked him if it was true.   He said B. D. Cooper was his agent."

The court charged in part as follows :

[Now, gentlemen, if L. G. Stephens purchased the goods of B. D. Cooper at sheriff's sale, and left them in the possession of Mr. Cooper, or of Mr. and Mrs. Cooper, to carry on the mercantile business there in the name of B. D. Cooper, agent, then Mr. Stephens would be responsible to any party who had furnished goods to B. D. Cooper, as agent, upon such a state of facts.] [1]

Defendant presented these points :

2. If the jury believe from the evidence that Loren G. Ste-

phens was security for B. D. Cooper prior to the sale September 5, 1895, on certain notes and to secure himself took B. D. Cooper's note, on which his store goods were sold at sheriff's sale and bought in by Loren. G. Stephens September 5, 1895, and that Loren G. Stephens left the goods so bought by him at sheriff's sale in the store with B. D. Cooper, or with his wife, or with both of them, and that said B. D. Cooper and his wife continued the business, and that Loren G. Stephens took no supervision over the business, and had no interest in the acquisition of the profits of the business so carried on by B. D. Cooper and his wife, or by either of them, except in the repayment to him of what B. D. Cooper owed Loren G. Stephens as security for B. D. Cooper or otherwise, such a state of facts, without more, will not constitute B. D. Cooper as the agent of Loren G. Stephens, making him liable to the plaintiffs for the goods purchased by B. D. Cooper. *Answer:* This point we would affirm as a matter of law if there was nothing in the case except the fact that Mr. Stephens left the goods there. But, as I said before, if he left them there and allowed Mr. Cooper to carry on the business of selling the goods and purchasing others, and at the same time holding himself out as agent, without disclosing whom he was agent for, and Mr. Stephens knew that he was holding himself out as agent, he would be responsible for the goods that he purchased. But if he simply left them there and had no notice that Cooper was selling those goods, or was purchasing other goods and holding himself out as agent, as stated in this point, we would affirm it. [2]

3. That Stephens by placing Cooper in charge of this stock of goods clothed Cooper with apparent authority to do such acts as were usual and ordinary in the business being carried on, including the power and authority to purchase goods for and on account of Stephens. And if Cooper purchased the goods in suit under such circumstances Stephens must pay for them. *Answer:* That we affirm if you find from the evidence that Stephens left the goods with Cooper to sell, and did not sell the goods to Mrs. Cooper; providing, you also find that Mr. Cooper carried on the business as agent and that Mr. Stephens had knowledge that he was thus carrying on the business. [3]

Verdict and judgment for plaintiff for $130.72. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Henry Harding*, of *Harding & Harding*, with him *C. O. Dersheimer*, for appellant, cited: Moore's Executors v. Patterson, 28 Pa. 505; Hays & Wick v. Lynn, 7 Watts, 524; Williams v. Getty, 31 Pa. 461; Beal & Simons v. Adams Express Co., 13 Pa. Superior Ct. 143.

*James W. Piatt*, with him *William A McKinney*, for appellee.

OPINION BY ORLADY, J., May 23, 1901:

When the defendant purchased, at the sheriff's sale, the stock of goods in the store of D. B. Cooper, in September, 1895, he became their unquestioned owner, and had the right to dispose of them in any manner he would decide. Having full control over them, he permitted them to remain in the same place, and the former business to be continued in the name of " D. B. Cooper, agent," until May, 1897. During this time the plaintiffs sold to Cooper, as agent, a bill of goods to be used in replenishing the stock in the store. The exact relation of Stephens to the store was purely a question of fact which, in view of the contradictions in the testimony, was for the jury and not for the court. Since he permitted Cooper to continue the business as agent, for an undisclosed principal—as indicated by the sign and his business signature—and if Cooper, with the knowledge of Stephens, secured the goods in controversy on the faith of Stephens's credit, then the defendant should pay for them.

There is ample evidence to show that Stephens clothed Cooper with apparent authority to continue the business for their mutual benefit; which, combined with the positive testimony of the salesman who sold the goods for the plaintiff, fully justified the jury in holding Stephens liable for the price of the goods so sold.

The record is free from substantial error and the judgment is affirmed.